COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-206-CV

BUI PHU XUAN APPELLANT

V.

FORT WORTH STAR-TELEGRAM APPELLEE

------------

FROM THE 153RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
 Bui Phu Xuan appeals from a summary judgment for the Fort Worth Star-Telegram on Bui’s libel claim.  We affirm.

In May 1998, Bui was convicted of murder and sentenced to ninety-nine years in prison.  During his trial, the State offered evidence that Bui was a member of a criminal street gang known as the “Angel Boys” and had committed numerous offenses, including the sale and distribution of crack cocaine, theft, assault, extortion, prostitution, aggravated robbery, burglary, insurance fraud, and sexual assault of a child.
(footnote: 2)  Further, Bui’s appearance bond was conditioned upon him having “no gang affiliation or voluntary contact with any gang.”  Between February 28, 1991 and May 20, 1998, the Star-Telegram published twelve articles concerning the murder committed by Bui and covering his trials.  Five of those articles referred to Bui’s reputed Asian gang membership.
(footnote: 3)
 On February 7, 2005, while Bui was serving his prison term, his fourteen-year-old daughter, Lan, was stabbed to death near her home in Haltom City.  On February 12 and 13, 2005, the Star-Telegram published two articles about Lan’s murder and referred to Bui’s earlier murder conviction and his reputed gang affiliation.  The Star-Telegram also published an edited version of one article in its Spanish-language publication, 
La Estrella
.  Specifically, the Star-Telegram articles stated that Bui was a “reputed Asian gang leader” and “was known by gang officers and Tarrant County prosecutors as a gang leader.” 

Thereafter, Bui filed the underlying lawsuit, alleging that the Star-Telegram’s 2005 references to his reputed gang membership had

defamed [him] in permanent form of libel which was communicated to all people of Texas as well as all the people of this country and this defamation of character is damaging [his] reputation and is causing mental anguish, emotional stress, paranoia, and surely jeopardizes [his] life as long as he remains confined in prison. 

The Star-Telegram moved for a traditional summary judgment on the ground that Bui is libel-proof as a matter of law.  After a hearing, in which Bui participated by telephone, the trial court granted the Star-Telegram’s motion.  Bui filed a “Motion [to] Modify the Judgment,” which the trial court treated as a motion for new trial and denied.  This appeal followed. 

In his two issues, Bui complains that the trial court improperly granted the summary judgment because the Star-Telegram must be responsible for its abuse of the freedom of the press guaranteed by the Texas Constitution.
(footnote: 4)  Bui argues that the summary judgment evidence raises a fact issue concerning whether he is libel-proof with regard to the Star-Telegram’s 2005 comments regarding his alleged gang affiliation.  He contends that his murder conviction, which he concedes was public knowledge, was completely unrelated to the Star-Telegram’s reports of his reputed gang activity and that he had never been convicted of organized crime or of being a gang member. 

A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim.
(footnote: 5)  When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant’s favor.
(footnote: 6)
 A libel is a defamation expressed in written or other graphic form that tends to (1) blacken the memory of the dead, (2) injure a living person’s reputation and thereby expose the person to public hatred, contempt or ridicule, or financial injury, (3) impeach any person’s honesty, integrity, virtue, or reputation, or (4) publish the natural defects of anyone and thereby expose the person to public hatred, ridicule, or financial injury.
(footnote: 7)
 A libel-proof plaintiff is one whose reputation on the matter at issue is so diminished that, at the time of an otherwise libelous publication, it could not be damaged further
.
(footnote: 8)  Courts have found the doctrine particularly suitable when plaintiffs who are notorious for past criminal behavior assert that they have been libeled by communications charging them with identical or similar behavior.
(footnote: 9)  To justify applying the doctrine, the evidence of record must show not only that the plaintiff engaged in criminal or antisocial behavior in the past, but also that his activities were widely reported to the public.
(footnote: 10)
 In this case, the evidence shows that Bui’s reputed Asian gang membership was widely reported by the Star-Telegram
 
as early as 1994 
and that the State also introduced evidence of his gang membership during his 1998 murder trial.  Consequently, Bui’s reputation was so diminished that it could not have been injured further as a result of the 2005 Star-Telegram articles that again referred to Bui’s reputed gang membership—even if the statements were not true.  Accordingly, we hold that the trial court properly granted the Star-Telegram summary judgment on the ground that Bui was libel-proof.  We overrule Bui’s issues
(footnote: 11) and affirm the trial court’s summary judgment. 

PER CURIAM

PANEL F:  CAYCE, C.J.; HOLMAN and GARDNER, JJ.

DELIVERED:  February 22, 2007

 

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
In his “Objection to Appellee’s Brief,” Bui argues that the extraneous offense evidence is not competent summary judgment evidence because it was fabricated by the District Attorney.  Bui did not raise this argument in the trial court; therefore, it is waived on appeal and we will not address it. 
See
 
Tex. R. App. P.
 33.1(a); 
Wilcox v. Hempstead,
 992 S.W.2d 652, 656-57 (Tex. App.—Fort Worth 1999, no pet.).

3:
For example, a March 1994 article stated,

Tarrant County prosecutors, gang officers and some longtime Vietnamese residents tell of a frighteningly different man: They portray 32-year-old Bui as a veteran Asian gang leader known more for allegations of intimidation and extortion than for being helpful. 

Four other Star-Telegram articles stated that Bui was “known to” or “characterized by” Tarrant County authorities as an Asian gang leader. 

4:
“Every person shall be at liberty to speak, write or publish his opinions on any subject, being responsible for the abuse of that privilege[.]”  
Tex. Const.
 art. 1, § 8.

5:
IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason
,
 
143 S.W.3d 794, 798 (Tex. 2004); 
see
 
Tex. R. Civ. P.
 166a(b), (c).

6:
IHS Cedars Treatment Ctr.
, 143 S.W.3d at 798.

7:
Tex. Civ. Prac. & Rem. Code Ann.
 § 73.001 (Vernon 2005).

8:
McBride v. New Braunfels Herald-Zeitung,
 
894 S.W.2d 6, 9 (Tex. App.—Austin 1994, writ denied); 
Langston v. Eagle Publ’g Co.,
 
719 S.W.2d 612, 621 (Tex. App.—Waco 1986, writ ref’d n.r.e.)
.

9:
McBride,
 
894 S.W.2d at 9
.

10:
Id.
 at 10.

11:
Bui also argues that the trial court’s grant of summary judgment for the Star-Telegram based on the libel-proof doctrine violates the open courts, due course of law, and double jeopardy provisions of the Texas Constitution and constitutes cruel and unusual punishment.  Bui cites no legal authority to support his position, and our research has revealed none; therefore, we will not consider this argument.  
See Fredonia State Bank v. Gen. Am. Life Ins. Co.,
 881 S.W.2d 279, 284 (Tex. 1994) (citing the long-standing rule that a point may be waived due to inadequate briefing).